# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 3:84-cr-00043-MMD |
| Plaintiff, | ORDER |
| v. | |
| LOYD GALE DICKINSON, | |
| Defendant. | |

Defendant Loyd Gale Dickinson is serving a life sentence at the United States Penitentiary, Marion for kidnapping. (ECF No. 105 at 1.) In January 2021, Dickinson filed a motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i) ("Section 3582(c)"), based on the "extraordinary and compelling reasons" presented by the COVID-19 pandemic as applied to his health and particular circumstances.[1] (ECF No. 102.) Before the Court is the government's motion to dismiss defendant's motion for compassionate release.[2] (ECF No. 112 (the "Motion").) Because Dickinson's motion for compassionate release is statutorily barred—and as further explained below—the Court will grant the Motion.

In response to Dickinson's motion for compassionate release (ECF No. 102), the government initially conceded that the Court had authority to consider the motion. (ECF No. 105 at 5.) Now, the government argues that the Court lacks authority to grant Dickinson relief. (ECF No. 112 at 1-2.) Specifically, the government argues that because Dickinson committed his offense prior to November 1, 1987—the date on which the

---

[1] The government opposed Dickinson's motion. (ECF No. 105.) Dickinson filed a reply. (ECF No. 106.)

[2] Dickinson filed a response. (ECF No. 117.) The government filed a reply. (ECF No. 118.)

Sentencing Reform Act of 1987 (the "SRA") became effective—"under the plain language of the Sentencing Reform Act, Section 3582 . . . does not apply to him." (*Id.* at 3.) The SRA explicitly states that it "shall take effect on the first day of the first calendar month beginning 36 months after the date of enactment and shall only apply to offenses committed after the taking effect of this chapter." (*Id.* (citing Sentencing Reform Act of 1984, Pub. L. No. 98-473 § 235(a), 98 Stat. 1837 (1984); as amended by Sentencing Reform Amendments Act of 1985, Pub. L. No. 99-217 § 4, 99 Stat. 1728 (1985) (changing the effective date from 24 months to 36 months after enactment; Sentencing Act of 1987, Pub. L. No. 100-182 §2(a), 101 Stat. 1266 (1987) (adding the language "and shall only apply to offenses committed after the taking effect of this chapter.")).)

The government argues that Dickinson's motion for compassionate release is not controlled by Section 3582, but rather by the old compassionate release statute, 18 U.S.C. § 4205(g) ("Section 4205(g)") because although the SRA phased out the Parole Commission, Congress amended the SRA to clarify that old sentencing laws would apply to prisoners sentenced prior to the effective date of the SRA. (ECF No. 112 at 2-3 (citing *Bledsoe* v. *United States*, 384 F.3d 1232, 1234 (10th Cir. 2004)).)[3] Section 4205(g) provided that only the Bureau of Prisons ("BOP") could bring motions for compassionate release. Thus, because the BOP has not raised a compassionate release motion as required by Section 4205(g) here, Dickinson's motion is barred. (*Id.* at 4.) To further support its position, the government argues that every court to consider the issue agrees that Section 3582(c) does not apply to defendants, like Dickinson, who committed their offense prior to November 1, 1987.[4] (*Id.* at 4-5.)

---

[3]Since then, Congress has continued to extend the Parole Commission to administer sentences under the old law, including as recently as 2018. (*Id.* at 3 (citing to United States Parole Commission Extension Act of 2018, Pub. L. 115-274 (Oct. 31, 2018).)

[4]*See United States v. Scarbrough*, Case No. 73-CR-32-HAB, 2020 WL 2482710, at *2-3 (N.D. Ind. June 14, 2019); *United States v. Whitmore*, Case No. 00-cr-00194-EMC-1, 2020 WL 4226515, at *6 (N.D. Cal. July 23, 2020); *United States v. Woolum*, Case No. 5:84-CR-21-TBR, 2020 WL 1963787, at *2 (W.D. Ky. April 23, 2020); *United States v. Rivera,* Case No. 86-cr-1124-JRK, 2020 WL 2094094, at *3-4 (S.D.N.Y. May 1,

Dickinson's response is two-fold. First, Dickinson argues that the government waived its objection when it responded to his motion for compassionate release on the merits. (ECF No. 117 at 1.) Dickinson argues in the alternative that if the Court reaches the merits of the government's motion, although the statutory language and weight of authority supports the government, at least one court has addressed the merits of a compassionate release motion for those defendants serving sentences imposed prior to November 1, 1987. (*Id.* (citing *United States v. Lika,* Case No. 84-CR-499 (CS), 2020 WL 2766049, at *1 (S.D.N.Y. May 28, 2020)).) Finally, Dickinson argues that the statutory language here leads to an absurd result and is contrary to congressional intent. (*Id.*) The Court disagrees.

First, the Court does not find that the government waived its right to raise the issue. While the government should have raised the issue in opposition instead of after briefing completed, the Court had not yet ruled on the motion for compassionate release and accepts counsel's explanation that it was an oversight. (ECF No. 112 at 1-2 n.1.) The Court will therefore decide the Motion on its merits.

The Court further agrees with the government that based on a plain reading of the statute, Section 4205(g) rather than Section 3582(c) applies here. Dickinson moved for compassionate release pursuant to Section 3582(c). Section 3582(c) as amended by the First Step Act of 2018, offers a limited exception to the general rule that the Court may not modify or reduce the length of a sentence after the Court has imposed it and "allows the sentencing judge to reduce a sentence based on 'extraordinary and compelling reasons' after the defendant has asked the [BOP] to bring such a motion on [his] behalf and exhausted all administrative rights to appeal the BOP's denial of that request." *United*

---

2020); *United States v. Matta-Lopez,* Case No. CR88-00129 (JAK), 2020 WL 2128644, at *3 (C.D. Cal. May 4, 2020); *United States v. Rios*, Case No. 70-cr-592 (BMC), 2020 WL 2522069, at *2 (E.D.N.Y. May 18, 2020); *United States v. Battle-Bey,* Case No. 3:81-38 (DWF), 2020 WL 4735352, at *1 n.3 (D. Minn. Aug. 14, 2020); *Sims v. Holenchick,* Case No. CV 08-0978-RGK (MLG), 2009 WL 1505175, at *2 (C.D. Cal. May 22, 2009).

3

States v. Mogavero, Case No. 2:15-cr-74-JAD-NJK, 2020 WL 1853754, at *2 (D. Nev. Apr. 13, 2020) (citing 18 U.S.C. § 3582(c)(1)(A)(i)).[5]

But, Section 3582(c) was enacted as part of the SRA which was expressly intended to apply "only to offenses committed after the taking effect of this chapter." Sentencing Act of 1987, Pub. L. No. 100-182 §2(a), 101 Stat. 1266 (1987). Because Dickinson was sentenced in 1984, prior to passage of the SRA, the provisions of Section 3582(c) do not apply. *Id.* Rather, Section 4205(g), although repealed in 1987, still applies. *See* 28 CFR § 572.40 ("18 U.S.C. 4205(g) was repealed effective November 1, 1987, but remains the controlling law for inmates whose offenses occurred prior to that date."). Therefore, Dickinson cannot petition the Court to modify his sentence pursuant to Section 3582(c); but rather, relief must come under Section 4205(g) which requires a motion by the BOP. *See* 18 U.S.C. § 4205(g) (repealed). Here, the BOP did not raise a motion for compassionate release as required under Section 4205(g), therefore Dickinson is barred from raising the motion now. As noted, Dickinson ultimately concedes that "statutory language and weight of authority support the government's position that 18 U.S.C. § 4205(g) rather than 18 U.S.C. § 3582 applies and only the Bureau of Prisons can bring a motion . . ." (ECF No. 117 at 2.)[6] Therefore, the Court grants the government's Motion and denies Dickinson's motion for compassionate release.

///
///
///
///
///

---

[5] The Court reads Section 3582(c) as granting broad authority to modify and reduce a sentence upon a showing of 'extraordinary and compelling reasons.' *See* 18 U.S.C. § 3582(c).

[6] Dickinson also concedes that the Ninth Circuit Court of Appeals recently agreed with the government's position. (ECF No. 117 at 2 (citing *United States v. Matta-Ballesteros,* Case No. 20-50129, 2021 WL 531549 (9th Cir. Feb. 12, 2021) (unpublished)).)

It is therefore ordered that the government's motion to dismiss defendant's motion for compassionate release (ECF No. 112) is granted.

It is further ordered that Dickinson's motion for compassionate release (ECF No. 102) is denied.

DATED THIS 22nd Day of March 2021.

MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE